# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3603

_____

| | | |
|---|---|---|
| Larry A. Finney, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| GDX Automotive, a fictitious name | * | Appeal from the United States |
| for GenCorp Inc.; International | * | District Court for the |
| Association of Machinists and | * | Eastern District of Arkansas. |
| Aerospace Workers, AFL-CIO, also | * | |
| known as or referred to as the Grand | * | [UNPUBLISHED] |
| Lodge of the International Association | * | |
| of Machinists and Aerospace Workers | * | |
| AFL-CIO, acting on behalf of District | * | |
| Lodge No. 156 and Local Lodge | * | |
| No. 2248 of the International | * | |
| Association of Machinists and | * | |
| Aerospace Workers, AFL-CIO, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: March 14, 2005
Filed: March 24, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Larry A. Finney filed suit in state court against GenCorp, Inc. (GenCorp) and the International Association of Machinists and Aerospace Workers, AFL-CIO (the Union), alleging breach of employment law, the tort of civil fraud, wrongful discharge, breach of the covenant of good faith and fair dealing, a violation of public policy, and promissory estoppel. The case was removed to federal court based on diversity of citizenship, and GenCorp and the Union moved for judgment on the pleadings. The district court[1] granted the motion and dismissed the complaint under Federal Rule of Procedure 12(b)(6), holding that Finney's state law claims were preempted by § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185. Finney appeals.

Finney argues that his employment was not governed by the collective bargaining agreement negotiated by the Union with GenCorp but by a separate agreement. He contends that his claims are not preempted by § 301 because his state law claims originate solely under Arkansas common and statutory law and are substantially independent from any right derived from the collective bargaining agreement. GenCorp and the Union argue that Finney's claims are preempted by § 301 because they require analysis of the terms of the collective bargaining agreement. They also contend that Finney failed to state a claim upon which relief could be granted under Arkansas law.

Finney's employment was governed by the collective bargaining agreement at the time of his discharge, and any question regarding whether he had entered into a separate agreement with GenCorp could not be decided without interpreting the collective bargaining agreement. Since his state law claims substantially depend upon interpreting the terms of that agreement, they are preempted by § 301 of the LMRA. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985).

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

We accordingly affirm the judgment of the district court.

_____